FILED
CLERK
11/3/2015 3:27 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
RANJON MORROW, #15001973,

                Plaintiff,

       -against-

COUNTY OF NASSAU,

                Defendant.
----------------------------------------------------------------------X

MEMORANDUM AND ORDER
15-CV-4793 (SJF)(AKT)

FEUERSTEIN, District Judge:

I.    Introduction

On August 6, 2015, incarcerated *pro se* plaintiff Ranjon Morrow ("plaintiff") filed a complaint in this Court pursuant to, *inter alia*, 42 U.S.C. §1983 ("Section 1983") against the County of Nassau ("the County"), accompanied by an application to proceed *in forma pauperis*. Since plaintiff's financial status, as set forth in his declaration in support of the application to proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the filing fee, s*ee* 28 U.S.C. §§ 1914(a); 1915(a)(1), plaintiff's request to proceed *in forma pauperis* is granted. However, for the reasons set forth below, the complaint is *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) for failure to state a claim for relief.

II.    Background[1]

Plaintiff alleges, *inter alia*:[2]

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, *see*, *e.g*., *Rogers v. City of Troy, N.Y.*, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true), and do not constitute findings of fact by the Court.

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original.

1) False imprisonment & Arrest: On March 30, 2015, Det Butler and his partner come to my mothers residence (Brooklyn, NY) without a warrant & outside of his jurisdiction to arrest me. I was cuffed and placed in the back of the police car without being submitted in a line up or read my Miranda rights. On the Felony complaints Det Butler (3 Squad) claims my arrest was based off a statement of victim & police investigation. According to the statement, victim claims to have been shot while on steps but according to all crime scene examination reports as well as hospital reports, the crime took place in the street with victims car taking damage from bullets that shows that there was no investigation into his statement because that was one of many lies that Detective claims to be true under oath.

2) Cruel & Unusual Punishment: Since March 31, 2015, I have be imprisoned in Nassau County Correctional Center under false charges. While here I am being treated in a inhumane way being deprived of life & liberty without due process which is in complete violation of my constitutional rights as a natural born American citizen. I am being forced to be in solitary confinement 16 hours a day in a cell that have windows that can't open & is blurred to the point where I can see nothing at all. I can't even get sunlight in here. Nor any fresh air. Also, I am FORCED to remain in this cell with no form of activities/entertainment because radios have been taken away nor do we have any access to a general library. This is completely INHUMANE being that I am forced to live in solitude with just my thoughts which lead to a panic attack I had on 7/11/15 where I ended up freaking out sustaining injuries. Another way I am being mistreated is that I barely get fed here. The portions are extremely small for a grown man. Sometimes we are fed just baloagne with lettuce & a slice of bread which is cruel. Not even a pack of mayo to make it edible. Last meal is served at 4:00 p.m. with our next meal being served at 7:30 a.m. meaning I am going over 15 hours of no food. No food is sold at commissary that has substance such as soups or tuna which leaves one to battle hunger throughout the night while I struggle to sleep on a thin mattress with no pillow. We get 1 hour of recreation a day, sometimes being forced to come back in from sweating to be locked in without a shower to sit in the cell to sweaty/dirty to lay down. To talk to my family, I have to pay $4 plus just for a ten minute call leading to little communication with my loved ones because it is too expensive. As a American, I should not have my constitutional rights that I was born with be violated nor as a HUMAN BEING should I be subjected to this torturous treatment that I am receiving here.

3) Intentional Infliction of Emotional Distress: I believe that the County of

---

Errors in spelling, punctuation, and grammar have not been corrected or noted.

> Nassau in fact know the treatment we are receiving is causing emotional pain agmonst the detainees, especially those innocent & wrongfully arrested such as me.
>
> 4) Perjury: The County of Nassau is granted thousands of dollars for me each month claiming that I am being properly fed, given sufficient recreation and am being cared for in a humane manner.

(Compl. ¶ IV and at 5-6). Plaintiff claims to have suffered "a panic attack after being locked in my cell hungry and sleep deprived leading me to freaking out & ended up having to receive mental health referral as well as injuries to both my hands[;] [and] six improperly placed stiches as well as swelling/pain in both hands[,]" (i*d*. at ¶ IV.A), and seeks to recover, *inter alia*, damages in the total amount of two million dollars ($2,000,000.00). (*Id*. at ¶ V).

III.   Discussion

   A.   Standard of Review

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are required to read *pro se* complaints liberally, *see Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013), and to construe them "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quotations and citations omitted). Moreover, at the

3

pleadings stage of the proceeding, the Court must assume "all well-pleaded, nonconclusory factual allegations in the complaint to be true." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), *aff'd*, — U.S. —, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009)); *see also Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). While the plausibility standard "does not require detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1937).

B. Section 1983

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."

42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, --- U.S. -

---, 132 S. Ct. 1657, 1661, 182 L. Ed. 2d 662 (2012). To state a claim under § 1983, a plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citation omitted); *see also Rehberg v. Paulk*, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).

        1.     Constitutional Violation

Prison officials have a duty, imposed under either the Eighth Amendment with respect to convicted prisoners or the Due Process Clauses of the Fifth and Fourteenth Amendments with respect to pretrial detainees in federal custody and state custody, respectively,[3] to "ensure that inmates receive adequate food, clothing, shelter, and medical care, and [to] take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (quotations and citations omitted). While "[t]he Constitution does not mandate comfortable prisons, * * * neither does it permit inhumane ones * * *." *Id.* at 832, 114 S. Ct. 1970. Prison officials violate the Eighth Amendment, or Due Process Clause of the Fourteenth Amendment, only when: (1) "the deprivation alleged [is], objectively, sufficiently serious, * * * [i.e.,] a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities," *id.* (quotations and citations

---

[3] The same "deliberate indifference" standard applies to claims challenging prison conditions regardless of whether the claim is brought under the Eighth Amendment or the Due Process Clauses of the Fifth and Fourteenth Amendments. *See Caiozzo v. Koreman*, 581 F.3d 63, 70-1 (2d Cir. 2009); *see also Nielsen v. Rabin*, 746 F.3d 58, 63 n. 3 (2d Cir. 2014).

omitted); and (2) the officials acted, or failed to act, with "a sufficiently culpable state of mind * * * [i.e.,] [with] deliberate indifference to inmate health or safety * * *." *Id.* (quotations and citations omitted); *see also Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015).

        a.        Objective Element

"[T]here is no static test to determine whether a deprivation is sufficiently serious; the conditions themselves must be evaluated in light of contemporary standards of decency." *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012) (quotations, alterations and citation omitted); *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim[] [b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society." *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (quotations and citation omitted); *accord Sims v Artuz*, 230 F.3d 14, 21 (2d Cir. 2000). "To meet the objective element, the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." *Walker*, 717 F.3d at 125.

"Moreover, conditions of confinement may be aggregated to rise to the level of a constitutional violation, but 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" *Walker*, 717 F.3d at 125 (quoting *Wilson v. Seiter*, 501 U.S. 294, 304, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991)). "Nothing so amorphous as 'overall conditions' can rise to the level of [a constitutional violation] when no specific deprivation of a single human need exists." *Wilson*, 501 U.S. at 305, 111 S. Ct. 2321.

With respect to food, the Constitution "require[s] that prisoners be served nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) (quotations and citation omitted); *accord Willey v. Kirkpatrick*, 801 F.3d 51, 69 (2d Cir. 2015). Plaintiff's challenges to the size, taste and timing of the meals he received at the jail, without more, are insufficient to state a plausible claim of a constitutional violation. *See Blackson v. City of New York*, No. 14-cv-452, 2014 WL 6772256, * 4 (S.D.N.Y. Dec. 2, 2014); *McNatt v. Unit Manager Parker*, No. 3:99-cv-1397, 2000 WL 307000, * 6 (D. Conn. Jan. 18, 2000); *also Cruz v. Church*, No. 9:05-cv-1067, 2008 WL 4891165, at * 12 (N.D.N.Y. Nov. 10, 2008) ("[T]he Eighth Amendment requires that prisoners receive food that is adequate to maintain health; it need not, however, be either tasty or aesthetically pleasing.")

Moreover, plaintiff's challenges to the selection of goods at the prison commissary, the thickness of his mattress and the lack of a pillow, without more, do not state a claim of a constitutional violation since prisoners do not have a constitutional right to the use of a prison commissary, *see Miller v. County of Nassau*, No. 12-cv-4164, 2012 WL 4741592, at * 7 (E.D.N.Y. Oct. 3, 2012); *Davis v. Shaw*, No. 08 Civ. 364, 2009 WL 1490609, at * 1 (S.D.N.Y. May 20, 2009), or to comfortable beds. *See*, *e.g. Boyd v. City of New York*, No. 12 Civ. 3385, 2012 WL 5914007, at * 3 (S.D.N.Y. Sept. 18, 2012), *report and recommendation adopted in relevant part by* 2013 WL 452313 (S.D.N.Y. Feb. 6, 2013) (claim that mattress too thin does not state a claim of a constitutional deprivation); *Phillips v. LaValley*, No. 9:12-cv-6009, 2014 WL 1202693, at * 13 (N.D.N.Y. Mar. 24, 2014) (denial of a pillow does not state a claim of a constitutional deprivation); *Johnakin v. New York City Dep't of Corr.*, No. 11-cv-4807, 2013 WL

7

5519998, at * 13 (E.D.N.Y. Sept. 30, 2013) (accord); *Howard v. City of New York*, No. 12 Civ. 4069, 2012 WL 7050623, at * 4 (S.D.N.Y. Dec. 20, 2012), *report and recommendation adopted in relevant part by* 2013 WL 504164 (S.D.N.Y. Feb. 11, 2013).

Furthermore, although "some opportunity for exercise must be afforded to prisoners[,]" *Anderson v. Coughlin*, 757 F.2d 33, 35 (2d Cir. 1985), absent any factual allegations from which it may reasonably be inferred that plaintiff was denied meaningful exercise for a substantial period of time, the complaint fails to state a claim of a constitutional violation based upon plaintiff's claim that he is confined to a cell with "blurred" windows that do not open and no entertainment for sixteen (16) hours a day. *See Vogelfang v. Capra*, 889 F. Supp. 2d 489, 505 (S.D.N.Y. 2012); *Williams v. Goord*, 142 F. Supp. 2d 416, 425 (S.D.N.Y. 2001). Indeed, plaintiff contends that he is afforded one (1) hour of recreation a day which is consistent with constitutional requirements. *See Anderson*, 757 F.2d at 35 ("[O]utdoor exercise for an hour in a small, enclosed yard, open to the sky. . . [is] consistent with Eighth Amendment requirements." (quotations and citation omitted)).

With respect to plaintiff's claim challenging the price charged for using the prison telephones as "too expensive," even assuming, *arguendo,* that prisoners have a constitutional right to telephone access, *compare Arsberry v. Illinois,* 244 F.3d 558, 565 (7th Cir. 2001) (holding that a claim challenging the cost of telephone service provided to inmates did not state a constitutional violation); *U.S. v. Footman,* 215 F.3d 145, 155 (1st Cir. 2000) ("Prisoners have no per se constitutional right to use a telephone * * *."); *Shariff v. Coombe,* 655 F. Supp. 2d 274, 301 (S.D.N.Y. 2009) (dismissing Eighth Amendment claim regarding inaccessibility of telephones in prison because it did not deny the prisoners "a basic human need."), *with Johnson*

8

*v. State of California*, 207 F.3d 650, 656 (9th Cir.2000) (holding that prisoners have a First Amendment right to telephone access subject to reasonable limitations arising from the legitimate penological and administrative interests of the prison system), "[t]here is no authority for the proposition that prisoners are entitled to a specific rate for their telephone calls," *Johnson.* 207 F.3d at 656; *see also Holloway v. Magness,* 666 F.3d 1076, 1080 (8th Cir. 2012) (holding that a jail has no First Amendment obligation to provide telephone service "at a particular cost to users.") Since plaintiff does not allege any facts to support a reasonable inference that the telephone rates charged are "so exorbitant as to deprive [him] of phone access altogether[,]" *Johnson*, 207 F.3d at 656, his claim that the expense charged for using the prison telephones is "too expensive" fails to state a claim for a constitutional deprivation. *See, e.g. Johnson*, 207 F.3d at 656 (holding that the district court properly dismissed with prejudice claims that prisoners were overcharged for telephone use); *Harrison v. SecurusTech.net*, No. 13-cv-4496, 2014 WL 737830, at * 4 (E.D.N.Y. Feb. 24, 2014) (holding that the prisoner's allegations regarding the expense of telephone calls did not state a claim of a constitutional deprivation).

Since none of plaintiff's claims challenging the conditions of his confinement satisfy the objective element required to state a claim for a constitutional deprivation, plaintiff's Section 1983 conditions of confinement claims are *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief, **unless on or before December 17, 2015**, plaintiff files an amended complaint re-pleading those claims to correct the deficiencies set forth herein.[4] *See Grullon v. City of New Haven*, 720 F.3d 133, 139-

---

4 In the event plaintiff files an amended complaint in accordance with this Order, he must also plead sufficient facts to satisfy the subjective element of a Section 1983 conditions of confinement claim, *i.e.*, facts from which it may plausibly be inferred that County or Jail officials acted, or failed to act, with deliberate indifference to inmate health

9

40 (2d Cir. 2013) ("A *pro se* complaint should not be dismissed without * * * granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (quotations, brackets and citation omitted)).

        2.      Municipal Liability

"[A] municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012), *cert. denied*, 134 S. Ct. 125, 187 L. Ed. 2d 255 (2013); *accord Matusick v. Erie County Water Auth.*, 757 F.3d 31, 62 (2d Cir. 2014). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." *Jones*, 691 F.3d at 80; *see also Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011) (holding that under Section 1983, governmental bodies are not vicariously liable for their employees' actions); *Los Angeles County, Cal. v. Humphries*, 562 U.S. 29, 131 S. Ct. 447, 452, 178 L. Ed. 2d 460 (2010) ("[A] municipality cannot be held liable solely for the acts of others, e.g., *solely* because it employs a tortfeasor." (emphasis in original) (quotations and citation omitted)); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). To prevail on a Section 1983 claim against a municipal entity, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008); *see also*

---

or safety. *See Farmer*, 511 U.S. at 832, 114 S. Ct. 1970.

*Connick*, 563 U.S. 51, 131 S. Ct. at 1359 ("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting *Monell*, 436 U.S. at 691, 98 S. Ct. 2018)); *Humphries*, 562 U.S. 29, 131 S. Ct. at 452 ("[A] municipality may be held liable when execution of a government's *policy or custom* . . . inflicts the injury." (emphasis in original) (quotations and citation omitted)).

"A municipal policy may be pronounced or tacit and reflected in either action or inaction." *Cash v. County of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. 51, 131 S. Ct. at 1359. In addition, municipal liability can be established "by showing that a policymaking official ordered or ratified the employee's actions - either expressly or tacitly." *Jones*, 691 F.3d at 81. "Thus, a plaintiff can prevail against a municipality by showing that the policymaking official was aware of the employee's unconstitutional actions and consciously chose to ignore them." *Id.* To establish such deliberate indifference, "a plaintiff must show that a policymaking official was aware of constitutional injury, or the risk of constitutional injury, but failed to take appropriate action to prevent or sanction violations of constitutional rights." *Id.* "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action[,]" *Connick*, 563 U.S. 51, 131 S. Ct. at 1360 (quotations and citation omitted), and "requires a showing that the official made a conscious choice, and was not merely negligent." *Jones*, 691 F.3d at 81; *see also Cash*, 654 F.3d at 334.

To state a claim for municipal liability under Section 1983, a plaintiff must allege more

than that a municipal policy or custom exists. *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) ("[T]he mere assertion that a municipality has * * * a custom or policy is insufficient [to withstand dismissal] in the absence of allegations of fact tending to support, at least circumstantially, such an inference * * *." (quotations, alterations and citation omitted)); accord *Zherka v. City of New York*, 459 F. App'x 10, 12 (2d Cir. Jan. 19, 2012) (summary order). "Rather, a plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." *Santos v. New York City*, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012); accord *Triano v. Town of Harrison, N.Y.*, 895 F. Supp. 2d 526, 535 (S.D.N.Y. 2012).

The complaint is devoid of any factual allegations from which it may reasonably be inferred that a policy or custom of the County caused the purported false arrest and imprisonment of plaintiff. Plaintiff has not alleged, *inter alia*: (1) the existence of a formal policy which was officially endorsed by the County; (2) actions taken or decisions made by policymaking officials of the County which caused the alleged false arrest and imprisonment of plaintiff; (3) a practice of the County so persistent and widespread as to practically have the force of law; or (4) a failure by policymakers of the County to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with their employees. Accordingly, plaintiff's Section 1983 false arrest and imprisonment claims are *sua sponte* dismissed in their entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief, **unless on or before December 17, 2015**, plaintiff files an amended complaint re-pleading those claims to correct the deficiencies set forth herein.

IV. Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted and the complaint is *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief **unless plaintiff files an amended complaint in accordance with this Order <u>on or before December 17, 2015</u>.** Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this Order upon plaintiff as provided by Rule 5(b) of the Federal Rules of Civil Procedure and record such service upon the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.  /s/
Sandra J. Feuerstein
United States District Judge

Dated: November 3, 2015
Central Islip, New York